UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KELLY MCINTOSH, et al.,

                  Plaintiff,

                                             26-cv-3521 (PKC)

      -against-                                  ORDER

TRADER JOE'S COMPANY,

                  Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        The parties have submitted a proposed schedule for a motion to dismiss. The Court declines to enter the proposal as an Order of this Court.

        The Individual Practices require a pre-motion letter before the filing of a motion to dismiss. (Individual Practices at 3(A)(i) & (iv).) The requirement is not a thoughtless make-work assignment. As explained in the Individual Practices,

> If a Pre-Motion Letter seeks to file a motion to dismiss, the party responding shall unambiguously state in the first paragraph whether he, she or it seeks leave to amend. The Pre-Motion Letter and response will be taken into account in deciding whether further leave to amend will be granted in the event the motion to dismiss is granted. Among other purposes, the Pre-Motion Letter and response enables the Court to set an appropriate briefing schedule and to explore whether the motion may be (a) obviated by an amendment to the pleadings or consent to the relief; or (b) deferred to a different juncture in the case.

Id. at 3(A)(iv).

The interest in avoiding motions addressed to deficient pleadings that can be cured by amendment is not one capable of being waived by the parties. It is inefficient for a Court to spend weeks in preparing a decision on a motion to dismiss which could have been avoided by a pre-motion amendment to the pleadings. It is the obligation of the would-be movant to set out in reasonable detail the grounds for the motion so that the non-movant can make an intelligent decision to whether to seek leave to amend. If the non-movant is on fair notice of the grounds for the motion but declines to seek leave to amend, this is taken into account on any later motion to amend.

There seem to be two possibilities: the parties did not bother to look at the Court's Individual Practices or they did and, without so much as a reference to its content, decided that they could stipulate around it.

By June 19, 2026, defendant shall answer the complaint or submit a pre-motion letter in accordance with the Individual Practices and plaintiff shall respond by June 26, 2026. In their letters, the Court will hear the parties' proposals on a briefing schedule. The Conference remains scheduled for June 29, 2026 at 10:30 am

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 18, 2026

- 2 -